IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:23-CV-06071-DGK |
| BLAKE OMMEN, | ) ) ) | |
| Defendant. | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This suit concerns a claim for uninsured motorist ("UM") coverage arising out of a motor vehicle accident on March 4, 2023, involving Defendant Blake Ommen. At the time of the accident, Defendant was an "excluded driver" under a policy Plaintiff Progressive Casualty Insurance Company ("Plaintiff") issued to Defendant's father and brother. Plaintiff filed this declaratory judgment action requesting the Court declare the policy does not provide UM coverage to Defendant. Defendant filed a counterclaim for breach of contract.

Now before the Court is Plaintiff's motion for summary judgment. ECF No. 14. For the following reasons, the motion is GRANTED.

Also before the Court is Defendant's motion for leave to amend his answer. ECF No. 19. Because amendment would be futile, the motion for leave to amend is DENIED.

**Undisputed Material Facts**

The Court considers the undisputed material facts in the light most favorable to Defendant. On March 4, 2023, Defendant was driving a 2014 Ford Focus[1] when he was injured in a motor

---

[1] Whether Defendant owned this vehicle is in dispute. Defendant admitted he owned the 2014 Ford Focus in his answer to Plaintiff's complaint, *see* Answer at ¶9, ECF No. 4, but now moves to amend his answer, claiming that

vehicle collision with Roy Allision, who was uninsured, in Missouri.

At the time of the accident, Defendant's father, Joshua L. Ommen, and Defendant's brother, Alec R. Ommen, were named insureds on Policy No. 956933616 issued by Plaintiff (the "Policy"). The sole vehicle on the policy was a 2013 Ford Fusion, which is not the vehicle Defendant was driving at the time of the collision.

The Policy provided UM limits of $250,000 per person / $500,000 per accident. Specifically, the Policy contained the following provision regarding UM coverage:

> **PART III(A) – UNINSURED MOTORIST COVERAGE**
> <u>INSURING AGREEMENT</u>
> Subject to the General Definitions, . . . to all the terms, conditions, and limitations of Part VII–General Provisions, and to all the terms, conditions, exclusions, limitations, and applicable reductions described in this Part III(A), if **you** pay the premium for this coverage and coverage under this Part III(A) applies, **we** will pay for damages that an insured person is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
>
> 1. sustained by that **insured person**; and
> 2. arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

Policy at 19,[2] Pl. Ex. A, ECF No. 15-1 (emphasis here and throughout in original).

The Policy lists a handful of exclusions where UM coverage does not apply. One such exclusion—Provision 1.b.—states UM coverage will not apply "to **bodily injury** sustained by any person while using or **occupying**" "a motor vehicle that is owned by or available for the regular use of **you**, a **relative**, or a **rated resident**." However, "this exclusion [] does not apply to **bodily injury** to . . . (ii) a **relative** who does not own a motor vehicle subject to the insurance requirements

---

admission was a mistake, and he does not own the 2014 Ford Focus, *see* Mot. for Leave to Amend, ECF No. 19. The Court addresses this argument below. *See infra* Section III.

[2] The Court uses the ECF page numbers, not the Policy page numbers, throughout this Order.

of the Missouri Motor Vehicle Financial Responsibility Law . . . ." Policy at 20.

The Policy provides the following definitions:

- "**Insured person**" means "you, a relative, or a rated resident . . . ."

- "**You**" and "**your**" mean "(a) a person shown as a named insured on the declarations page; and (b) the spouse of a named insured if residing in the same household at the time of the loss."

- "**Relative**" means "a person residing in the same household as you, and related to you by blood, marriage, or adoption . . . ."

Policy at 9, 19 (emphasis removed in some places). Neither party disputes that Joshua and Alec both meet the definitions of "insured person" and "you."

On March 25, 2022, Alec signed the Policy's Application for Insurance and the Named Driver Exclusion Election (the "Named Driver Exclusion"), which identified Defendant as an "excluded driver" on the Policy. The Named Driver Exclusion provides:



*See* Pl. Ex. C, ECF No. 15-3. Joshua did not sign the Named Driver Exclusion, nor did he ask Plaintiff to exclude Defendant from any coverage. Only Alec signed the form.

3

In accordance with the Named Driver Exclusion signed by Alec, the Policy included the following Named Driver Exclusion Endorsement:

Named Driver Exclusion Endorsement

If **you** have asked **us** to exclude any person in **your** household from coverage under this policy, then **we** will not provide coverage for any claim arising from an accident or loss involving a motorized vehicle being operated by that excluded driver. This includes any claim for damages made against **you**, a **relative**, or any other person or organization that is vicariously liable for an accident arising out of the operation of a motorized vehicle by the excluded driver.

Policy at 48.

Defendant is identified as an "excluded driver" within the "Drivers and/or household residents" section of the Policy's Declarations Page. *See* Policy at 1. At all relevant times, Defendant resided in the same household as his parents and brother.

After the accident, Defendant made a claim for UM coverage, which Plaintiff denied. Plaintiff then filed this declaratory judgment action.

**Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing this lack of genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that

party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must nonetheless substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quotation omitted).

## Discussion

Plaintiff moves for summary judgment, arguing the Policy unambiguously excludes Defendant from UM coverage arising from the accident. Defendant opposes summary judgment, arguing (1) the Named Driver Exclusion is invalid because Joshua did not sign it or "ask" Plaintiff to exclude Defendant from coverage; (2) the policy is ambiguous and should be construed in his favor; and (3) regardless of the Named Driver Exclusion, Provision 1.b. states the Policy's UM coverage exclusion does not apply. These arguments fail.

### I. The Named Driver Exclusion applies.

Defendant does not dispute that named driver exclusions are recognized under Missouri Law. *See* Mo. Ann. Stat. § 303.190.2(3); *see also Yates v. Progressive Preferred Ins. Co.*, 331 S.W.3d 324, 331 (Mo. Ct. App. 2011). Instead, Defendant argues the Named Driver Exclusion here is invalid because *all* named insureds—i.e., both Alec *and* Joshua—were required to sign it and "ask" Plaintiff to exclude Defendant from coverage. Defendant cites no caselaw or Policy language in support of this argument. *See Mann*, 497 F.3d at 825 (requiring more than mere speculation).

Defendant's argument is conclusory and unsupported by the Policy's clear language. Here, the relevant portions of the Named Driver Exclusion state (1) "*You* have named the following persons in your household as excluded drivers under this policy;" and (2) "This form must be

5

signed by *the named insured*." See Pl. Ex. C (emphasis added).  Nothing in this language indicates both Joshua and Alec were required to execute the form.  First, the Policy does not define "you" as being inclusive of all named insureds.  Instead, it defines "you" singularly as "*a* person shown as *a* named insured on the declarations page." See Policy at 9 (emphasis added).  Second, the form states it must be signed by "the named insured," not the "named insureds" plural.  Because Alec qualifies as a "you" and a "named insured" under the Policy, his signature alone was enough to validate the form.  Moreover, as Plaintiff points out, the Policy suggests any named insured, acting alone, can modify the Policy and bind all persons under the Policy.[3]  Thus, the Named Driver Exclusion applies and excludes Defendant from UM coverage.

## II.  The Policy is unambiguous.

Next, Defendant contends the Policy is ambiguous since he and Plaintiff disagree over whether Joshua, in addition to Alec, needed to sign the Named Driver Exclusion.  This argument is similarly conclusory and unsupported. *See Mann*, 497 F.3d at 825.

"Mere disagreement over the interpretation of the terms of a contract does not create an ambiguity." *Mendota Ins. Co. v. Lawson*, 456 S.W.3d 898, 903 (Mo. Ct. App. 2015); *see O'Rourke v. Esurance Ins. Co.*, 325 S.W.3d 395, 398 (Mo. Ct. App. 2010) (stating "[a] court may not create an ambiguity where none exists").  Instead, an "[a]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy[,]" i.e., the language "is reasonably open to different constructions." *Progressive Cas. Ins. Co. v. Morton*, 140 F. Supp. 3d 856, 861 (E.D. Mo. 2015) (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo.

---

[3] For instance, the Policy's "JOINT AND INDIVIDUAL INTERESTS" provision states, "If there is more than one named insured on this policy, any named insured may cancel or change this policy.  The action of one named insured will be binding on all persons provided coverage under this policy." Policy at 43.  This provision falls under "Part VII–General Provisions," which the Policy's UM Coverage section explicitly incorporates. *See* Policy at 19 (stating the Policy's UM Coverage is "[s]ubject to . . . all the terms, conditions, and limitations of Part VII—General Provisions").

6

2007)). "If the policy language is unambiguous, it must be enforced as written. But if the language is ambiguous, courts should construe the policy in favor of the insured." *Id.* At best, Defendant has shown only a mere disagreement between the parties. Because no ambiguity exists, the Court enforces the Policy as written and finds the Named Driver Exclusion applies.

**III.     Provision 1.b. is inapplicable.**

Finally, Defendant argues the Policy's UM coverage exclusion does not apply pursuant to Provision 1.b. Plaintiff argues Provision 1.b. is an entirely separate and distinct exclusion from the Named Driver Exclusion. Relevant to this argument is Defendant's motion for leave to amend his answer to Plaintiff's complaint. *See* Mot., ECF No. 19. In his motion for leave to amend, Defendant claims he incorrectly admitted that he owned the 2014 Ford Focus, *see* Answer at ¶9, ECF No. 4, and wants to amend his answer to deny owning it.

In support, Defendant relies on Joshua's affidavit stating he (Joshua) and his wife owned the vehicle. *See* Aff., ECF No. 17-1. Plaintiff opposes the motion for leave to amend, arguing (1) the deadline to amend the pleadings was over three months ago; (2) Defendant failed to articulate "why justice so requires" the Court allow him to amend his answer; and (3) regardless, amendment is futile because even if Defendant did not own the 2014 Ford Focus, Provision 1.b. does not change the fact Defendant is still excluded from UM coverage under the Policy. See Suggestions in Opp'n, ECF No. 21. The Court agrees amendment would be futile, and so denies Defendant's motion for leave to amend.

Even if the Court granted Defendant's motion for leave to amend and assumed Defendant did not own the 2014 Ford Focus, Defendant has not shown how Provision 1.b. overrides the Named Driver Exclusion. Again, Defendant's argument in conclusory; his analysis on this point is only one paragraph long and cites no caselaw in support. At best, Defendant simply restates

7

Provision 1.b.'s language and concludes he is entitled to UM coverage. This is not enough to survive summary judgment. *See Mann*, 497 F.3d at 825; *see also United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (internal quotation marks and alterations omitted)).

## Conclusion

Because Plaintiff has demonstrated the Policy unambiguously excludes Defendant from UM coverage arising from the accident, Plaintiff's motion for summary judgment is GRANTED. Consequentially, Plaintiff did not breach a contractual obligation under the Policy, so summary judgment is also entered in favor of Plaintiff on Defendant's counterclaim. Finally, because amending Defendant's answer would be futile, Defendant's motion for leave to amend is DENIED.

**IT IS SO ORDERED.**

Date: <u>April 5, 2024</u>　　　　　　　　　　　　　　<u>/s/ Greg Kays</u>
　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT